Mr. Trejo, is that correct? Yes, that's correct, your honor. May it please the court, chief judge, counsel for the government, my name is George Bob Drekel Jr. and I'm here this morning on behalf of the petitioner Maria Hernandez. The issue before the court is whether or not the district court erred when they refused to issue a certificate of innocence to Ms. Hernandez. At the outset, it is significant to note that the lower court observed in her order denying that there are few cases interpreting this statute and only two fifth circuits cases examining the statute at all. Now why is a certificate of innocence warranted? It's our contention that Maria Hernandez was actually innocent of all the charges all the charges in this case, but unfortunately it took over 10 years to set her free from prison. I will get to discussing the statute at issue, but I think it's important to examine the seventh circuit decision in Betz v. United States, which is cited in our brief. In Betz, the attorney was the defendant in that case and he was convicted of contempt. On appeal, that conviction was reversed. On remand, he sought a certificate of innocence that was denied and on appeal, the seventh circuit remanded and directed the district court to issue the certificate of innocence without a trial. Now, this case before the court is a little factually confusing when examining the players involved. The players are, first off, the mastermind, the leader, Robert Franzler, who was an 82-year-old man. But don't we start with the statute? Okay, your honor. The statute requires a hearing. Well, I mean the language of the statute, which says what? Okay, the language of the statute at 28 U.S.C. section 1495 is that the United States court of federal claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of offense. Any person suing under section 1495 must allege and prove that she was unjustly convicted of a federal crime. And then there's elements that follow. That her conviction has been reversed or set aside on the ground that she's not guilty of the offense. There's been a new trial or rehearing and she's found not guilty as appears from the record or certificate of the court setting aside or reversing such conviction. All right, so how do we square the situation we have here? I mean, we're familiar with, you know, the facts in terms of the, you know, the underlying facts in terms of, you know, who the perpetrators were and so on and so forth and like that. But so we make good use of the time. How do we fit what the statute requires within the context of what you have? Well, I think it's significant to examine the hearing that was conducted before Magistrate White. That is our contention that the hearing held on the 2255 was in fact the hearing required for purposes of this statute. Now, Magistrate White found a tremendous number of facts in favor of the petitioner and the government's response is that, well, we move to dismiss the charges against Ms. Hernandez because such a long time has transpired that the witness's memories have been lost since then. But we would submit that that's not entirely accurate. We've seen in the court, members of the court have seen numerous trials where prosecution witnesses are permitted to refresh their memory with a variety of different documents. Okay, but the problem is what you have is a conviction set aside for ineffective assistance of counsel. And counsel can be ineffective and the defendant still be guilty. And the person still gets a new trial because they're entitled under the Sixth Amendment to effective counsel. So then the government can decide, well, you know, we're not necessarily going to do better than 10 years she's already served, et cetera, et cetera. And they look at the balancing, the cost of re-prosecution and all that. And they concluded, I mean, this wasn't a violent crime, so on, that she was charged with. And so they conclude not to prosecute. The fact that you possibly could have put on a witness and possibly could have had a trial doesn't answer it. So how does this set of facts, setting aside for IAC and deciding that you don't have the witnesses or they've forgotten or whatever, show that she was found not guilty? Well, that's where the facts get extremely important in this case. In this case, it's not a small crime that was alleged by the government. This is a case that involved tons of marijuana. Right, but it's not a violent crime. She already served 10 years. And she wasn't the mastermind of the crime, even in their conception of it before. She was a participant. Well, they said she was a partner with Mr. Fanzler. And Mr. Fanzler, that was the reason why. He's the key guy. Yeah, but that's the reason why Fanzler sent Maria the $125,000 cash and why he had the communications with Maria at the original. Okay, but the point being, she wasn't found not guilty. I mean, isn't that really the problem? Well, that's why we look at the hearing. I would submit the statute requires a hearing. And our argument is that the 2255 hearing is adequate to meet the requirements of the statute. But so if the magistrate judge finds a bunch of stuff that the district judge does not, and that same district judge is the one who denied the certificate, right? Right, Your Honor. Okay, so we can assume that the district judge knew all of that, had read all the magistrate facts, etc., and still concluded that the statute wasn't met. I mean, I understand we don't show any deference to the legal conclusion, but to the extent that facts are involved here, why wouldn't we defer to that? Well, because the standard, as the court's well aware, is whether or not the district court abused her discretion under the facts in this case. Our argument is that she did, given the facts that clearly established Maria Hernandez's non-involvement. She was required to accept the magistrate judge's facts, and based on that find, Ms. Hernandez is not guilty. No, I'm not saying that she was required to accept the magistrate's findings and recommendations. What I'm saying is that there are no facts to contradict those which were presented to her following the testimony of government witnesses at the 2255 hearing, which lasted two days. Okay, but the claim was ineffective assistance of counsel. Right, but that's... So she finds that and says you get a new trial. But the claim is also that the joining in the wrongful acts of Ms. Hernandez's trial attorney, being that she was, in fact, the only Maria at that residence when that wasn't true and easily disputed. But the district court didn't find prosecutorial misconduct. She found ineffective assistance of counsel. And so here's the concern I have. I'm trying to understand the line you're trying to draw, because we get a lot of ineffective assistance of counsel cases. Many of them are not successful, many of them are, okay? And so in the ones that are successful, are all of those then going to be subject to this statute and entitled to money damages? And where do we draw the line? I don't know about the other cases. I do know that in this particular case, when you have the government arguing at trial that this is the only Maria, and this is the only Maria, and therefore the money sent to that address had to be intended for her to receive when they knew or should have known that that wasn't true. Okay, well, you said that the hearing held before the magistrate and all that occurred in two days, was the hearing required by the certificate of innocence statute. Now, assuming that to be the case, tell us still why, whatever those facts are that you say were uncontroverted, etc., tell us why that satisfies the statutory requirement of a determination of not guilty. I mean, whatever you just said about the government and so forth and all that, assuming all that, I mean, why, how, what case do you have? What is the legal link that that hearing and all that went in can be synonymous, be tantamount to a determination, quote, of not guilty that the statute says? And that's why I started out, Your Honor, by saying this is a rare case. The district court even noted that. Well, I understand, but I will enjoy more if you answer the question that I ask you as opposed to. There is no case. Okay, I mean, that's. This is a case, the first impression. All right, well, it helps, yeah, it answered my question straight on, so there is no case. There is no case either way, either way. Well, as I, my first question was, you know, we start with the statute. We start with the statute. I mean, it's not whether, you know, we would empathize, whether we would find it fair, unfair, etc., but our job is fidelity to the statute and the language, and it says maybe if the Congress amended it, it could say not guilty or, you know, something like the Innocence Project, a DNA finding, etc., etc., then that'd be a whole different world, but we deal with the statute and the language there, just simply trying to understand your argument, not about the facts, but the statute says what it does, so how, again, so we're clear there is no case saying that, so what would we articulate and hold to get to where you want us to be? What would we say? You would say that in cases where a 2255 hearing is granted on behalf of the petitioner, that courts are permitted to examine the facts to determine whether or not a guilty or not guilty verdict would be rendered, whether or not there is sufficient evidence to meet all of the elements in a case to convict the person, and it's our contention that in this case, the government simply doesn't have the evidence to sustain a conviction. I'll stay with the rest of my time. Rosado, please. Okay, all right. All right, thank you, sir. All right, Ms. Black. Okay, you're on. May it please the Court and Counsel, Mara Black for the United States. The issue before this Court is a very narrow one. It's whether the District Court abused its discretion, not merely erred, but used its discretion by refusing to grant Ms. Hernandez a certificate of innocence. The context for this, of sovereign immunity. Those statutes are very strictly construed, and this Court has been very clear on this point. In Osborne, which is this Court's best word on the statute, the Court said that 2513 has the beneficent purpose of attempting to compensate the plaintiff for the loss of his liberty through an error on the part of his government. The government here contends that because the District Court found on 2255 habeas relief that counsel is ineffective, there is absolutely no reason to allow—there is no reason for a certificate of innocence to issue because there was no error on the part of the government. There are three other reasons, main reasons, why Hernandez's contention here fails. The first is that the evidence supporting Hernandez's is insufficient by this Court on direct appeal, and it was never found insufficient by the District Court on 2255 habeas review. The second is that the great weight of precedent, both in this Court and in other circuits, holds that a finding of insufficiency is not tantamount to a finding of innocence, generally speaking. There are very few circumstances under which someone is found truly innocent, and that is the requirement of 2513. But if evidence was insufficient, that would require a not guilty finding, and the statute speaks to not guilty rather than, you know, innocent beyond a reasonable doubt. Not necessarily. There is a lot of case law, including the Polk-Gannon and the Grubbs case, and Osborne itself, actually, which talks about the fact that you don't require, that in the circumstances where there is a reversal of the conviction for insufficiency of evidence under a 2255, that may not be enough to satisfy the innocence test. But, I mean, let's say that she had been retried and then moved for, you know, a corrected verdict of innocence or whatever, or not guilty, after the government's case, and the government had not put on sufficient evidence because they couldn't find the witnesses or whatever, and the Court granted that, wouldn't that meet this test? I mean, in other words, if there is, I understand if the original view may be different, the 2255 ruling, but if on new trial the government doesn't present enough evidence to convict, then the person is found not on this case because there was no new trial. Right, but his argument is, kind of implicitly, well, the government kind of controls that string and they decided, well, we don't want to have a big judgment after our whole snafu about the Maria, the different Marias, so let's just cut our losses and not retry it, and then she's stuck not being able to prove her innocence and not being able to recover for 10 years she shouldn't have spent in prison. Well, with regard to whether or not the government's motivations in dismissing this case, the record is quite clear and that the government dismissed because, simply because it could not marshal its evidence. The evidence was stale, and it wasn't just that the three main witnesses against the defendant had memory problems, it was that two of them were dead and one of them had memory problems, and under that circumstance the government has an independent ethical duty not to prosecute. If we don't feel that we can marshal our evidence, we can prosecute someone. Okay, so putting it, so let's just say totally benign motives and, you know, I'm not accusing anybody of being unethical, how does she meet the statute then? If they don't retry her, then you're saying she could never meet the statute, even if, you know, she's screaming her innocence and even if the government agrees in their hearts, she can never meet this statute if they don't retry her. Well, there's no guarantee of recovery under this statute. It's a very strictly construed labor of sovereign immunity. Not every person who is, whose conviction is reversed is reversed for reasons of true innocence, and the courts have been very, very clear that 2513 is only about people who are truly innocent. Mr. Trejo cited the Betts case as being a case which stands for the proposition that if the But the problem in that case was that the court reversed because it was a clearly erroneous fact-finding with regard to the second prong of the statute, which requires that the defendant show that she did not commit any of the acts charged. In other words, in Betts, his conduct was simply not criminal, but that's not what this case is about. This case is about whether or not her conviction has been reversed or set aside on the ground that she is not guilty of the offense, and we don't actually need to look very much further than the court's own findings. We don't need to guess at the intent of the court here. The court said in its denial order, the petitioner's conviction was not set aside on the grounds that she was not guilty. It was set aside because of her counsel's ineffective assistance and resulting prejudice. The petitioner was not found guilty, but was instead granted a new trial. The court's finding that the petitioner was entitled to a new trial because she received ineffective assistance of counsel does not satisfy 2513A1 because it was not a determination that the petitioner was not guilty, and the court is without authority to re-examine that issue. That issue, the issue of the defendant was or was not guilty, was resolved by this court on direct appeal when it held that the evidence supporting the underlying criminal convictions was sufficient. If you had retried her rather than just dismissing the indictment, so say you had retried her and the jury says she's not guilty, would that have counted for a re-hearing under the statute? Well, there's a different... The statute is very clear that a new trial is definitely a ground for finding that you are not guilty, and if it was a true acquittal, then yes, it is possible that she would be entitled to damages under 1495. But that totally rests with the government, whether they want to dismiss the indictment versus retry her. It's their call unilaterally. Well, to the extent that the government is the master, for lack of a better term, of prosecutorial discretion and indictment, yes, that's absolutely true. But it should also be noted in this case that Ms. Hernandez recovered $263,000 out of the criminal forfeiture that arose under this statute, and in that case the government again acted in good faith and said, we don't have a criminal conviction, that money, well half of that money, needed to be returned to Ms. Hernandez. So she recovered her own money? Well, she recovered half of the money judgment that the substitute assets were forfeited. Right, but she didn't recover affirmative money, she got back some of the money that had been taken based upon a conviction that had been vacated. That's correct. Okay, that's not the same, like if I get back money somebody took out of my bank account, I don't really consider that the same as if I affirmatively recover money. No, I'm not trying to argue that that was the equivalent of damages. I'm just saying that the remedies that were available to her were given. I mean, your basic point, I guess, is we shouldn't be struggling to find a way for her to recover because this is a strict construction statute that's meant to be That's correct. That is exactly the government's argument. Okay. It's important also to understand that under section 2513, there is no authority for the district court to hold another hearing on whether or not the defendant is or is not guilty. And that is case law that was established under the D.C. Circuit under Diamond and Rigsby. So Hernandez's assumption that the district court was empowered to determine her actual innocence through 2513 is actually incorrect. The best cases, frankly, for Hernandez are Pulongin and Grubbs. And in both of those cases, it is true that the court said that the reversal of a conviction for insufficiency of evidence satisfies A1, which is really the section of the statute that's at issue in this case. But in both of those cases, in both Pulongin and Grubbs, the circuit courts reversed on direct appeal because there was insufficient evidence. That's not this case. In this case, it's the opposite. The court here found that the evidence supporting the conviction was sufficient. And also, in Pulongin and Grubbs, they didn't depend upon the determination of Strickland or 2255 principles, which really look at the ineffectiveness of counsel and not whether the evidence is or is not sufficient. Actually, Your Honors, I have no further, nothing further to say. I think you understand the argument. Is there any further questions? We do. Thank you. For all these reasons, we would like to answer. All right. Thank you. All right. Back to you, Mr. Strader for the vote. Your Honor, it's clear that we are at the mercy of the government, without a doubt. I mean, the government, in all its power and might, have the ability to say Mr. Hernandez, we're going to retry you. But they didn't. And in doing so, they denied her the opportunity to seek damages in the Federal Court of Claims after serving over 10 years in prison. The reason we submit is obvious for Magistrate White's report and recommendation is that there's insufficient evidence to sustain a conviction against Ms. Hernandez. Ms. Hernandez, according to Magistrate White's report, did not commit a criminal act. He says that there's a reasonable probability that she would be found not guilty if she were to be retried. In terms of the forfeiture funds that counsel referenced, the government didn't come forward and say, Ms. Hernandez, now that you've won your $2,255, here's some money that we took from you. We want to give it back to you. No, it wasn't until we filed a motion to seek an order non-proton to recover funds and assets that were seized from her over 10 years earlier. Counsel was ethical enough to point out that there are cases where there's no hearing required. In addition to the cases that she cited, I let the court know of one that I felt was appropriate at the outset of my argument. In closing, we would ask that this matter be remanded to the District Court with directions to issue a certificate of innocence so that we can proceed to the Court of Claims. All right. Thank you, sir. Thank you both, counsel, for debriefing and argument in the case.